## Appeal of THE F. BREWER CO.     Docket No. 78.

The taxpayer availed itself of cash discounts on merchandise purchased and carried its merchandise purchase account at the net cost of the merchandise after deducting such cash discounts. *Held*: such cash discounts should not be added to net income without increasing merchandise purchases in a similar amount.

Submitted January 9, 1925; decided January 29, 1925.

*Luther F. Speer, Esq.*, for the taxpayer.

*R. A. Littleton, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

### Before IVINS, KORNER, and MARQUETTE.

This appeal involves corporate income and profits taxes for the calendar years 1918 and 1919. The Commissioner added to corporate income certain items of discount which the taxpayer realized by

discounting its purchase invoices for cash. Taxpayer contends that in computing its net income these items were included in income by the process of deducting such cash discounts from the purchase price of goods, thus reducing cost of merchandise by the amount of such discounts; and that thereby the same result, as relates to income, was obtained.

### FINDINGS OF FACT.

1. The taxpayer is a Connecticut corporation engaged in the retail dry-goods business. During the calendar years 1918 and 1919 it took advantage of the discounts for cash allowed by the terms of its purchase invoices in considerable amounts. The terms so quoted on these purchase invoices varied in the percentages allowable, as well as in the dating thereof.

2. The system followed by the taxpayer in recording these discounts was as follows: A book was kept which did not constitute a part of its corporate books of account, but which served merely as a memorandum book for the recording of the due dates of invoices. This book was referred to as the "Tickler Book." Therein were entered the various purchase invoices dated chronologically, not according to the dates of invoices but with reference to the dates on which the invoices should be paid in order to take advantage of the cash discount allowed by their terms. The amount of the purchase invoice, less the discount after payment, was treated by the taxpayer as cost of merchandise. That is to say, the taxpayer did not carry to merchandise purchase account the total amount of the invoice and, as a separate entry, credit the cash discount realized, through mesne accounts, to profit and loss account. In fact, these cash discounts were not carried into profit and loss account at all, but, instead thereof, the merchandise purchase account was reduced by the amount of such cash discount. In this way cost of merchandise was shown on taxpayer's books as the net cost thereof after deducting cash discount in all cases in which such cash discount was availed of by the taxpayer during the taxable year.

3. At the beginning of each year in question there were certain *unpaid* invoices representing merchandise purchases on which the cash discount dating had not matured at the close of the preceding year, and on which invoices cash discount had not been taken at the close of the preceding year. Likewise at the end of each year in question there were similar unpaid invoices on which the cash discount dating had not matured and on which such discount was not taken before the close of the year. In each year the amount of such unpaid invoices at the end of the year exceeded those at the opening of the year. At the close of the year 1918 there was an increase in amount of such unpaid invoices over those at the beginning of that year of $5,317.37. For the year 1919 there was a similar increase of $11,666.36.

4. In making its return of income for taxation for the years in question the taxpayer reported as merchandise purchases (cost of merchandise) the amount of invoices paid at their net figure, after deducting cash discount taken, as set out in paragraph 2 above, plus the *increase* of unpaid invoices for the year on which no cash discount had been taken. The sum of these was reported as cost of merchandise.

5. The cash discounts actually taken on invoices, as set out in paragraph 2 above, during the year 1918 amounted to $4,184.24. For the year 1919 they were in the amount of $4,723.34. The merchandise purchases in the year 1918 on which cash discounts were taken were in the net amount of $136,965.42. For the year 1919 they were in the net amount of $144,730.01. For the year 1918 the total merchandise purchases, i. e., invoices discounted and paid during the year plus the increase during the year of unpaid invoices, were in the amount of $142,282.79. For the year 1919 they were in the amount of $156,396.37.

6. In 1923, an examination of this taxpayer was made by a revenue agent covering both years, 1918 and 1919. For the year 1918 the revenue agent added to net income the items of cash discount realized by the taxpayer (in the amount of $4,184.24) as constituting income not reported by the taxpayer. But in so doing he declined to increase the merchandise purchase account of the taxpayer in a like amount. The revenue agent also declined to take into consideration the increase during the year in unpaid invoices above referred to (in the amount of $5,317.37) and to permit the merchandise purchase account to be credited with such purchases. Likewise for the year 1919 the agent added to taxpayer's net income the cash discount item of $4,723.34 without increasing merchandise purchases by a like amount. Similarly he declined to take into merchandise purchase account for that year the increase in unpaid invoices in that year in the amount of $11,666.36.

7. The adjustments to income as made by the revenue agent in the particulars above set out were sustained without audit in the Bureau of Internal Revenue and the Commissioner determined that a deficiency in tax existed, and on June 28, 1924, notified the taxpayer by registered letter to that effect. From such determination the taxpayer appealed to this Board. Petition was filed on August 26, 1924.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final decision of the Board will be settled on consent or on seven days' notice in accordance with Rule 50.

### OPINION.

KORNER: This appeal involves corporate income and profits taxes for the calendar years 1918 and 1919. The Commissioner had added to corporate income certain items of discount which the taxpayer realized by discounting its purchase invoices for cash. The taxpayer contends that in computing its net income these items were included in income by the process of deducting such discounts from the purchase price of merchandise, thus reducing cost of merchandise purchases by the amount of such discounts—and that thereby the same result, as relates to income, was obtained.

At the hearing of this appeal the Commissioner's counsel conceded that the effect on its income would be as stated by taxpayer if the cash discounts had actually been deducted and merchandise purchases shown to include only the net cost thereof. The unimpeached testimony of taxpayer's witnesses was to the effect that the

payments made for merchandise during the year 1918 after deducting cash discounts were in the amount of $136,965.42. The cash book of the taxpayer introduced in evidence shows that to be the amount so paid. Similarly in 1919 the amount of such purchases was $144,750.01.

The only evidence offered by the Commissioner was the report of the revenue agent, and from that report it appears that the agent used the memorandum book referred to at the hearing as the " Tickler Book." We find that this book did not constitute a part of the corporate books of account of this taxpayer and should not have been used as a basis for determining merchandise purchases. Since the merchandise purchasés above stated represent the cost of merchandise after deducting the cash discounts, it was error on the part of the agent to increase net income by the amount of such cash discounts, viz. $4,184.24 in the year 1918 and $4,723.34 for the year 1919.

A further error on the part of the revenue agent was his failure to add to merchandise purchases the increase in unpaid invoices for merchandise occurring during each of the years 1918 and 1919. In the year 1918 the amount of such increase was $5,317.37 and in the year 1919 it was $11.666.36. The taxpayer has established these amounts by evidence adduced at the hearing.

We conclude, therefore, the merchandise purchase account of the taxpayer for the year 1918 was $136,965.42 plus $5,317.37, or a total of $142,282.79. In 1919 the same account was $144,730.01 plus $11,666.36, or a total of $156,396.37. The items of cash discount ($4,184.24 in 1918 and $4,723.34 in 1919) should not be added to taxpayer's net income in the respective years. These items of income have been accounted for by taxpayer in reducing his cost of goods sold. The tax should be computed on the basis of $142,282.79 representing cost of merchandise for 1918 and $156,396.37 for 1919.